**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY D. COOPER, SR., | ) 1:09cv0078 AWI DLB |
| | ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| | ) WITH LEAVE TO AMEND |
| v. | ) |
| EDWARD PAPULIAS, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Johnny D. Cooper, Sr., ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on January 14, 2009. For the reasons stated below, Plaintiff's complaint is dismissed with leave to amend.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

1

1  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
2  the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
3      Fed. R. Civ. P. 8(a) provides:
4      A pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the
5      claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which
6      may include relief in the alternative or different types of relief.
7      A complaint must contain a short and plain statement as required by Fed. R. Civ. P.
8  8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
9  notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.
10 Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of
11 particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id.
12 Although a complaint need not outline all elements of a claim, it must be possible to infer from
13 the allegations that all elements exist and that there is entitlement to relief under some viable
14 legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990);
15 Lewis v. ACB Business Services, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).
16 C.     Allegations
17      Plaintiff sues Edward Papulias.  Plaintiff's filing consists of a one-page complaint and a
18 60-page attachment.  In the one-page complaint, Plaintiff alleges that Mr. Papulias, along with
19 his brother Lenny Papulias and Franklin Jones are manufacturing "methetamine" inside the
20 Pappy Foods facility and contaminating liquid products that are distributed throughout Fresno
21 County and surrounding areas.  Complaint, at 1.  Plaintiff further alleges that his mother is a
22 carrier of drugs for "these people."  Complaint, at 1.  Plaintiff suggests that his allegations are
23 "sufficient for investigation."  Complaint, at 1.  Plaintiff also contends that he is being accused of
24 wrongdoing because of his mother's association and her friends' actions.  Plaintiff further alleges
25 that Defendant is "knowingly administrating poison with disregard to public safety and
26 employee's health."  Complaint, p. 1.
27      The 60-page attachment submitted with the complaint demonstrates that Plaintiff has an
28 action currently pending against Mr. Papulias in Fresno County Superior Court entitled *Johnny*

*D. Cooper, Sr. v. Eddie Papulias*, Case No. 08 CE CG 03229, AMS. The attachment is comprised of documents filed in that action.

D.  Analysis

Plaintiff fails to cite a statute or other ground for federal jurisdiction as required pursuant to Rule 8. The Federal Courts are courts of limited jurisdiction. Unlike the state courts, there is no inherent or general subject matter jurisdiction. The Federal Court can adjudicate only those cases that the Constitution and Congress authorize them to adjudicate which are essentially those involving diversity of citizenship, or a federal question, or to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375 (1994). Plaintiff has not alleged any basis for Federal Court jurisdiction in the present case. Plaintiff has not alleged the deprivation of a federal constitutional or statutory right. Nor has plaintiff alleged the citizenship of any of the parties in the complaint. Plaintiff also provides only a vague explanation of his claims, which is insufficient to apprise Defendant of his claims. As such, Plaintiff's complaint is dismissed, but he will be given an opportunity to amend those claims he believes, in good faith, are cognizable.

Insofar as Plaintiff may be attempting to seek federal relief from a state court determination, however, he may not do so. It is well established that a federal court lacks subject matter jurisdiction to engage in appellate review of state-court determinations, as well as claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not actually raised in the state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-87, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir.1998) (holding the "Rooker-Feldman" doctrine is jurisdictional; lower federal courts possess no power to sit in direct review of state court decisions). A federal district court is a court of original jurisdiction, and as such has no authority to review the final determinations of a state court in judicial proceedings. Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). As noted, Plaintiff has an ongoing Fresno County Superior Court action against Mr. Papulias, entitled *Johnny D. Cooper, Sr. v. Eddie Papulias*, Case No. 08 CE CG 03229, AMS. In that case,

1  Plaintiff has alleged multiple causes of action, including motor vehicle, general negligence,
2  intentional tort, product liability, theft of personal property, fraud, conspiracy, embezzlement,
3  unlawful possession of property and forgery against Mr. Papulias.  Based on documents
4  submitted to this Court, it appears that Plaintiff's complaint in the state court action was the
5  subject of a demurrer by Mr. Papulias.  On January 7, 2009, the Superior Court issued a tentative
6  ruling to sustain the demurrer without leave to amend.  The tentative ruling also directed Mr.
7  Papulias to submit an ex parte application dismissing the action within 7 days of service of the
8  minute order.  On January 8, 2009, the Superior Court issued a Law and Motion Minute Order
9  sustaining the demurrer without leave to amend.  Thereafter, Plaintiff filed the instant action,
10  which is dated January 10, 2009.  Accordingly, Plaintiff may not amend his complaint to seek
11  review of any final determination of the state court.

**ORDER**

13  For these reasons, Plaintiff's complaint must be dismissed.  He will be given an
14  opportunity to amend his complaint, however, to correct these deficiencies.  Again, Plaintiff
15  should only amend those claims that he believes, given the above standards, are cognizable.
16  Plaintiff must submit an amended complaint within thirty (30) days.  Failure to do so will result
17  in a recommendation that this action be dismissed.

18  Plaintiff is reminded that an amended complaint supercedes the original complaint,
19  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
20  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
21  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an
22  original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d
23  at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord
24  Forsyth, 114 F.3d at 1474.

26  IT IS SO ORDERED.

27  Dated:   **January 27, 2009**            /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE